IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

DONAH HOWARD ARNOLD,

        Plaintiff

v.                                                Case No. 2:13-cv-21891

NATHAN GLANDON, PAT K. HAINES
and DAMON SAMMONS,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On August 15, 2013, the plaintiff, who is proceeding *pro se*, filed the instant Complaint (ECF No. 2.) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1.) This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity. 28 U.S.C. § 1915A. This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

* * *

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Because the plaintiff's Complaint fails to state a claim upon which relief may be granted under the standards set forth in *Twombly/Iqbal*, the defendants have not been served with process and should not be required to appear or defend this matter.

### **THE PLAINTIFF'S ALLEGATIONS**

The plaintiff's Complaint names three defendants: Nathan Glandon, Pat K. Haines and Damon Sammons, all of whom appear to be law enforcement officers employed by the City of Gilbert, West Virginia. (ECF No. 2 at 1.) The Complaint alleges that, on November 14, 2012, a woman named Mollie Cline was stopped for a traffic offense in her mother's 2008 Honda. Ms. Cline was subsequently arrested and was forced to leave the car parked in front of Rick's Auto Parts. Ms. Cline's mother allegedly asked the plaintiff to go retrieve the car. (ECF No. 2 at 4.)

The plaintiff's Complaint alleges that the plaintiff took a second set of keys to the Honda, found the car parked in front of Rick's Auto Parts, and drove the car to City Hall, where he parked it and went inside to find Ms. Cline and her mother. There, he was told by Officer Haines that the car had been impounded because Ms. Cline was unable to produce proof of liability insurance. (*Id.* at 5.)

The plaintiff informed Officer Haines that he had paid the insurance and that the certificate was in the glove box. Although Haines stated that he did not look in the glove

3

box, the plaintiff stated that he could immediately return home and bring an insurance certificate back to City Hall. Haines stated that the car would be towed to Hanover Wrecker in Wyoming County. The plaintiff states that he went back and got the insurance certificate and produced it to Haines at City Hall. After the insurance coverage was verified, the plaintiff alleges that Haines told him to go get the car at Hanover Wrecker. Upon arrival at Hanover, the plaintiff alleges that he paid them $100 in cash and received a receipt, and was given the keys to the car, which he drove back to Ms. Cline's residence. (*Id.* at 6.)

The plaintiff further alleges that, two days later, on November 16, 2012, he was arrested by defendants Glandon, Sammons and Haines, on charges of grand larceny, and interfering with a police officer. The plaintiff further alleges that he was taken to the Southwestern Regional Jail, where he was held until he posted a $50,000 bond. The plaintiff further alleges that his charges were bound over by a magistrate to the Circuit Court of Mingo County, and were subsequently dismissed as part of a plea agreement the plaintiff entered into on a separate drug charge, which is currently pending on appeal to the Supreme Court of Appeals of West Virginia. (*Id.* at 2, 6.) The plaintiff seeks to be reimbursed for the financial losses of his forfeited bond, the impound fee and lost wages and time. (*Id.* at 5-6.)

## ANALYSIS

As noted above, in *Twombly* and *Iqbal*, the Supreme Court held that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." The plaintiff's Complaint contains no

4

specific allegations of any violations of his Constitutional or other rights under federal law. He simply makes conclusory statements that there have been "numerous encounters" with the defendants.

To the extent that the plaintiff is attempting to assert claims of malicious prosecution or false arrest, the plaintiff's conclusory allegations that all of the charges were dropped as part of a plea agreement are not sufficient grounds to advance such claims.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint does not contain any allegations that could plausibly give rise to an entitlement to relief. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2.), pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A, and **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1.), with a waiver of the applicable filing fee.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such

5

objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

November 5, 2013

Dwane L. Tinsley
United States Magistrate Judge